```
 1
 2
 3
 4
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10  ROBERT RAMESES
11          Petitioner,           No. CIV S-04-1173 GEB GGH P
12      vs.
13  GARY LACEY, et al.,
14          Respondents.          ORDER
15  _____/
```

A joint scheduling statement in this matter was filed on July 6, 2005, pursuant to the court's order filed October 4, 2004.[1]  Petitioner contends that the sole claim set forth in the original petition, that petitioner's rights under the Fifth and Fourteenth Amendments were violated when the prosecution made "derivative use" of petitioner's convictions that were protected by the Fifth Amendment's privilege against self-incrimination, is exhausted, a contention with which respondent is apparently in dispute.  Petitioner identifies four claims raised by petitioner in a pro se habeas petition in the state supreme court that is still pending: (1) the Fifth Amendment prohibits use of compelled immunized testimony in subsequent criminal prosecutions; (2) petitioner was denied his Sixth Amendment right to counsel when officials violated his absolute privacy with communications between himself and his attorneys; (3) trial

---

[1] Extensions of time were granted by orders filed on November 10, 2004, January 7, 2005, February 1, 2005 and June 7, 2005.

court violated petitioner's due process rights when the court allowed the prosecution to use a constitutionally invalid prior conviction from Dade County in violation of his Boykin-Tahl rights when petitioner never waived his right to a jury trial on the priors in Dade County; (4) trial court violated petitioner's due process rights as guaranteed by the Fourteenth Amendment when it denied him a fair trial by forcing petitioner to wear a stun-belt during his court proceedings.

Petitioner's counsel intends to incorporate some or all of the claims being exhausted in state court.  Petitioner also adds that he intends to bring additional, but unidentified, claims in a supplement to the pending state court petition thirty days after the filing of this July 6, 2005 joint statement, which means that he should have filed any such supplement by August 5, 2005.  Respondent does not object to this petition being held in abeyance but does not thereby waive a statute of limitations defense in the future.

There is threshold issue that must be resolved before this court can determine whether a stay and abeyance should be recommended in this matter.  Respondent does not concede that the only claim in the pending original petition is exhausted.  While the United States Supreme Court has recently made clear that "stay and abeyance should be available only in limited circumstances," Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005), this court does have the authority to hold exhausted petitions in abeyance while petitioner returns to state court to exhaust new claims.  Calderon v. U.S.D.C. (Taylor), 134 F.3d 981 (9th Cir. 1998).  However, the court cannot entertain an application for a stay and abeyance of a petition containing only an unexhausted claim.

Accordingly, IT IS ORDERED that:

1. Within thirty days, respondent must EITHER file a motion to dismiss the petition for failure to exhaust state court remedies as to the sole claim of the petition OR file an explicit waiver of any challenge to the petition on grounds of nonexhaustion as to the only claim therein;

\\\\\

2. Should respondent file a motion to dismiss for failure to exhaust state court remedies as to the petition's only claim; petitioner must file his opposition within thirty days thereafter; respondent must file any reply within seven days of the filing of the opposition;

3. Once the question of exhaustion of the original claim has been resolved, the court will proceed with further orders based on the joint scheduling statement and/or subsequent filings, as appropriate.

DATED: 8/11/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
rame1173.pst