IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT RAMESES,

        Petitioner,                        No. CIV S-04-1173 GEB GGH P

   vs.

SCOTT KERNAN,

        Respondents.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This petition for writ of habeas corpus was denied on March 31, 2008, and judgment entered accordingly. Petitioner appealed the petition denial to the Ninth Circuit. On April 27, 2010, the mandate of the Ninth Circuit was filed in the district court's case docket, directing that the Ninth Circuit's February 18, 2010, judgment affirming the judgment of the district court take effect.[1] See docket # 82 and # 83. Notwithstanding, petitioner now purports to proceed in this court pursuant to Fed. R. Civ. P. 60(b), on a motion for relief from final judgment, apparently predicating his wholly inapposite motion on alleged defects in the proceedings within the district court, including the court's having appointed the Federal Defender

---

[1] Thereafter, on August 23, 2010, the Ninth Circuit ruled that petitioner had not demonstrated that this case warranted intervention by the extraordinary remedy of mandamus, denied the motion to proceed in forma pauperis as moot, and ordered that no further motions would be filed or entertained in the closed docket. See docket # 84.

to represent him.  See docket # 85.

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645-46, 162 L.Ed.2d 480 (2005).  Under Rule 60(b) (6), the catchall avenue by which petitioner presumably also seeks to proceed to reopen his case, one must demonstrate "any ... reason justifying relief from the operation of the judgment" in situations that are not addressed by the specific circumstances delineated in Rule 60(b)(1)-(5). Gonzalez v. Crosby, 545 U.S. 524, 528-529, 125 S.Ct. 2641, 2646, 162 L.Ed.2d 480 (2005). A purported Rule 60(b) motion seeking to reopen the judgment of an initial habeas petition brought pursuant to 28 U.S.C. § § 2254, 2255 is in essence a successive petition, under 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the merits ..." Gonzalez, at 532, 125 S.Ct. at 2648 [emphasis added]. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id., at 530, 125 S.Ct. at 2647.

Petitioner protests that he is not herein attacking the district court's previous decision on the merits but on "procedural" grounds.  He accuses the district court of being part of some type of scheme to not reach the merits of the arguments petitioner desired the court to reach.  The undersigned is not persuaded.  This is nothing but a transparent attempt to attack the final decision of the district court along with its interlocutory rulings which indeed did address every cognizable claim raised by petitioner on the merits.[2]

Thus, at most, petitioner's motion is construed as a successive petition.  Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for

---

[2] To the extent that the court would view petitioner's attack on the rubric of a Rule 60 (b) motion, the conclusions of district court complicity with whomever to deny petitioner a ruling on the merits are baseless and frivolous.  As indicated in the Findings and Recommendations adopted by the district court, the undersigned took pains to independently review the merits of what the undersigned viewed as complex claims.  The claims were decided with a lengthy explanation and analysis.

2

1  leave to file such an application or motion, is mistakenly submitted to the district court, the
2  district court shall refer it to the court of appeals." The district court has discretion to either
3  transfer that petition to the court of appeals or to dismiss the petition. <u>United States v.</u>
4  <u>Winestock</u>, 340 F.3d 200 (4th Cir. 2003)(§ 2255 case); <u>Robinson v. Johnson</u>, 313 F.3d 128, 139-
5  140 (3rd Cir. 2002). In this case, the undersigned will recommend dismissal of the motion, rather
6  than a transfer of the motion to the Ninth Circuit. This court does not have jurisdiction to
7  consider the successive petition without prior authorization by the Ninth Circuit.
8        Accordingly, IT IS RECOMMENDED that petitioner's motion for relief from
9  judgment pursuant to Rule 60(b) be dismissed.
10        These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
12  days after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties. Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
15  shall be served and filed within fourteen days after service of the objections. The parties are
16  advised that failure to file objections within the specified time may waive the right to appeal the
17  District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18  DATED: October 8, 2010       /s/ Gregory G. Hollows
19        UNITED STATES MAGISTRATE JUDGE
   GGH:009
20  rame1173.dsr