IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT RAMESES,

    Petitioner,                    No. CIV S-04-1173 GEB GGH P

    vs.

SCOTT KERNAN,

    Respondents.                ORDER

_____/

        This is the second of petitioner's motions, made purportedly pursuant to Fed. R. Civ. P. 60(b), in this matter, and it is inexplicably entirely duplicative of the initial motion which has previously been dismissed. As was noted with the first such motion, in the Findings and Recommendations, filed on October 8, 2010, and adopted by Order, filed on December 13, 2010, this petition for writ of habeas corpus was denied on March 31, 2008, and judgment entered accordingly, after which petitioner appealed to the Ninth Circuit. On April 27, 2010, the mandate of the Ninth Circuit was filed in the district court's case docket, directing that the Ninth Circuit's February 18, 2010, judgment affirming the judgment of the district court take effect.[1] See docket # 82 and # 83. Notwithstanding, petitioner once again purports to proceed in this

---

[1] Thereafter, on August 23, 2010, the Ninth Circuit ruled that petitioner had not demonstrated that this case warranted intervention by the extraordinary remedy of mandamus, denied the motion to proceed in forma pauperis as moot, and ordered that no further motions would be filed or entertained in the closed docket. See docket # 84.

1

court, pursuant to Fed. R. Civ. P. 60(b), on a motion for relief from final judgment, a motion that is entirely duplicative of the initial motion, which was dismissed by <u>Order</u>, filed on December 13, 2010.  Docket # 89, adopting <u>Findings and Recommendations</u>, filed on October 8, 2010. The initial Rule 60(b) motion, exactly as is this second wholly inapposite such motion, is predicated on alleged defects in the proceedings within the district court, including the court's having appointed the Federal Defender to represent him.

        As petitioner was previously informed:

> Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645-46, 162 L.Ed.2d 480 (2005). Under Rule 60(b) (6), the catchall avenue by which petitioner presumably also seeks to proceed to reopen his case, one must demonstrate "any ... reason justifying relief from the operation of the judgment" in situations that are not addressed by the specific circumstances delineated in Rule 60(b)(1)-(5). <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528-529, 125 S.Ct. 2641, 2646, 162 L.Ed.2d 480 (2005).  A purported Rule 60(b) motion seeking to reopen the judgment of an initial habeas petition brought pursuant to 28 U.S.C. § § 2254, 2255 is in essence a successive petition, under 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the merits ..." <u>Gonzalez</u>, at 532, 125 S.Ct. at 2648 [emphasis added]. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id., at 530, 125 S.Ct. at 2647.
>
> Petitioner protests that he is not herein attacking the district court's previous decision on the merits but on "procedural" grounds.  He accuses the district court of being part of some type of scheme to not reach the merits of the arguments petitioner desired the court to reach.  The undersigned is not persuaded.  This is nothing but a transparent attempt to attack the final decision of the district court along with its interlocutory rulings which indeed did address every cognizable claim raised by petitioner on the merits.[2]

Thus, at most, petitioner's motion is construed as a successive

---

[2] To the extent that the court would view petitioner's attack on the rubric of a Rule 60 (b) motion, the conclusions of district court complicity with whomever to deny petitioner a ruling on the merits are baseless and frivolous.  As indicated in the <u>Findings and Recommendations</u> adopted by the district court, the undersigned took pains to independently review the merits of what the undersigned viewed as complex claims.  The claims were decided with a lengthy explanation and analysis.

1  petition. Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file
2  such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of
3  appeals." The district court has discretion to either transfer that petition to the court of appeals or to dismiss the petition. <u>United
4  States v. Winestock</u>, 340 F.3d 200 (4th Cir. 2003)(§ 2255 case); <u>Robinson v. Johnson</u>, 313 F.3d 128, 139-140 (3rd Cir. 2002). In
5  this case, the undersigned will recommend dismissal of the motion, rather than a transfer of the motion to the Ninth Circuit. This court
6  does not have jurisdiction to consider the successive petition without prior authorization by the Ninth Circuit.

8  <u>Findings and Recommendations</u>, filed on October 8, 2010, pp. 2-3 (docket # 87), as noted,

9  adopted by <u>Order</u>, filed on December 13, 2010 (docket # 89). In this instance, however,

10  petitioner's filing will be stricken from the case docket as duplicative.

11  Accordingly, IT IS ORDERED that petitioner's second motion for relief from

12  judgment pursuant to Rule 60(b), filed on January 18, 2011 (docket # 90), is stricken as wholly

13  duplicative of his previously dismissed Rule 60(b) motion.

14  DATED: April 25, 2011                         /s/ Gregory G. Hollows

15                                                UNITED STATES MAGISTRATE JUDGE

GGH:009
16  rame1173.ord