IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT RAMESES,

    Petitioner,                    No. CIV S-04-1173 GEB GGH P

    vs.

SCOTT KERNAN,                       ORDER &

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        This is the third of petitioner's motions, made purportedly pursuant to Fed. R. Civ. P. 60(b), in this matter. The initial Rule 60(b) motion was dismissed and the second was stricken as duplicative. See docket # 89 and docket # 93. As was noted with the first such motion, in the Findings and Recommendations, filed on October 8, 2010, and adopted by Order, filed on December 13, 2010, this petition for writ of habeas corpus was denied on March 31, 2008, and judgment entered accordingly, after which petitioner appealed to the Ninth Circuit. On April 27, 2010, the mandate of the Ninth Circuit was filed in the district court's case docket, directing that the Ninth Circuit's February 18, 2010, judgment affirming the judgment of the

////
////
////

1

district court take effect.[1] See docket # 82 and # 83. Notwithstanding, petitioner, for a third time, purports to proceed in this court, pursuant to Fed. R. Civ. P. 60(b), on a motion for relief from final judgment. This time petitioner contends that he was never served with either the October 8, 2010, Findings and Recommendations (docket # 87), or the Order, filed on December 13, 2010, adopting the findings and recommendations and dismissing the initial 60(b) motion. This court's review of the docket shows that petitioner's original counsel was withdrawn on February 25, 2008.[2] Docket # 67. Thereafter, petitioner proceeded pro se and any filings were served upon petitioner pro se by mail until new counsel for petitioner was appointed on March 18, 2009. PACER records show that the Ninth Circuit evidently subsequently granted, on May 10, 2010, petitioner's request to terminate his new counsel's services; however, no notice was sent to this court so any subsequent district court filings were served on petitioner's counsel of record as indicated in this court's docket, rather than on petitioner pro se. Petitioner filed a second motion, pursuant to Rule 60(b), which was stricken as entirely duplicative of the previously dismissed 60(b) motion, as noted earlier. Docket # 93. Because it appears that that Order, filed on April 25, 2011, was also served on petitioner's counsel, rather than on petitioner pro se, the court will not simply strike the instant third motion as an abuse of process. However, petitioner's filings in this case that has been closed since March 31, 2008, has become unduly burdensome upon this court.

The initial Rule 60(b) motion and the second and the third wholly inapposite motions are all predicated on alleged defects in the proceedings within the district court.

---

[1] According to PACER, the petition for rehearing and for rehearing en banc was denied on April 16, 2010, and the mandate issued on April 26, 2010. This court's docket, as noted above, shows the mandate as filed in this court on April 27, 2010. Thereafter, on August 23, 2010, the Ninth Circuit ruled that petitioner had not demonstrated that this case warranted intervention by the extraordinary remedy of mandamus, denied the motion to proceed in forma pauperis as moot, and ordered that no further motions would be filed or entertained in the closed docket. See docket # 84.

[2] The petition was denied in its entirety on March 31, 2008, and judgment thereon entered.

As was previously set forth:

> Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645-46, 162 L.Ed.2d 480 (2005). Under Rule 60(b) (6), the catchall avenue by which petitioner presumably also seeks to proceed to reopen his case, one must demonstrate "any ... reason justifying relief from the operation of the judgment" in situations that are not addressed by the specific circumstances delineated in Rule 60(b)(1)-(5). Gonzalez v. Crosby, 545 U.S. 524, 528-529, 125 S.Ct. 2641, 2646, 162 L.Ed.2d 480 (2005). A purported Rule 60(b) motion seeking to reopen the judgment of an initial habeas petition brought pursuant to 28 U.S.C. § § 2254, 2255 is in essence a successive petition, under 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the merits ..." Gonzalez, at 532, 125 S.Ct. at 2648 [emphasis added]. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id., at 530, 125 S.Ct. at 2647.

Petitioner protests that he is not herein attacking the district court's previous decision on the merits but on "procedural" grounds. He accuses the district court of being part of some type of scheme to not reach the merits of the arguments petitioner desired the court to reach. The undersigned is not persuaded. This is nothing but a transparent attempt to attack the final decision of the district court along with its interlocutory rulings which indeed did address every cognizable claim raised by petitioner on the merits.[3]

Thus, at most, petitioner's motion is construed as a successive petition. Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." The district court has discretion to either transfer that petition to the court of appeals or to dismiss the petition. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003)(§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-140 (3rd Cir. 2002). In this case, the undersigned will recommend dismissal of the motion, rather than a transfer of the motion to the Ninth Circuit. This court does not have jurisdiction to consider the successive petition without prior authorization by the Ninth Circuit.

---

[3] To the extent that the court would view petitioner's attack on the rubric of a Rule 60(b) motion, the conclusions of district court complicity with whomever to deny petitioner a ruling on the merits are baseless and frivolous. As indicated in the Findings and Recommendations adopted by the district court, the undersigned took pains to independently review the merits of what the undersigned viewed as complex claims. The claims were decided with a lengthy explanation and analysis.

Findings and Recommendations, filed on October 8, 2010, pp. 2-3 (docket # 87), as noted, adopted by Order, filed on December 13, 2010 (docket # 89).

Accordingly, IT IS ORDERED that the Clerk of the Court is to substitute petitioner pro se for appointed counsel in the case docket and to serve petitioner pro se by mail with this Order and Findings and Recommendations, as follows:

> Robert Ramses P-99863
> Mule Creek State Prison
> P.O. Box 409040 B-8-106
> Ione, CA 95640

IT IS RECOMMENDED that:

1. Petitioner's third motion for relief from judgment, pursuant to Rule 60(b), filed on September 2, 2011 (docket # 94) be dismissed; and

2. Any further filings from petitioner in this closed case be disregarded.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 3, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
rame1173.ofr